**Delbert PAULINO, Plaintiff–Appellant,**

v.

**Kriss TODD; et al., Defendants–Appellees.**

No. 08–16081.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 14, 2009.*

Filed July 28, 2009.

Delbert Paulino, Calipatria, CA, pro se.

Phillip Arthur, Esquire, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Delbert Paulino, a California state prisoner, appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging violation of his First Amendment rights and breach of contract. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Paulino's legal mail claim because the return address did not indicate that his letter was from an attorney, as required by Cal.Code Regs. tit. 15, § 3143. *See Wolff v. McDonnell,* 418 U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ("We think it entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment.").

■ The district court properly granted summary judgment on Paulino's retaliation claim because he failed to present evidence of retaliatory motive, or that his protected activities were chilled as a result of Bryant's conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (listing elements of a First Amendment retaliation claim).

■ Contrary to Paulino's contention, the state's regulations on the length of inmates' hair are constitutional. *See Henderson v. Terhune*, 379 F.3d 709, 715 (9th Cir.2004).

The district court properly rejected Paulino's breach of contract claim because Paulino was under a preexisting legal duty to comply with the grooming regulations. *See* Cal. Civ.Code § 1605.

**AFFIRMED.**